IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV225-03-MU

| | |
|---|---|
| CHARLES REX WILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| AVERY MITCHELL CORRECTIONAL ) | |
| INSTITUTION MEDICAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 filed on July 28, 2006 (Document No. 1.).

Plaintiff, a state inmate at Avery/Mitchell Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 against "Avery Mitchell Correctional Ins. Medical" alleging that Plaintiff has had a hernia for over a year and "they will not do anything about this." Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

As an initial matter, the Court notes that "Avery Mitchell Correctional Ins. Medical" is not a proper party subject to suit, under these circumstances, under section 1983.

Furthermore, as best as this Court can interpret Plaintiff's Complaint, it appears that Plaintiff is alleging that the medical staff at Avery Mitchell has been deliberately indifferent to his serious medical needs by failing to properly treat his hernia which he has had for over a year. In order to state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show deliberate indifference to the serious medical needs of a prisoner. <u>Estelle v. Gamble</u>, 429 U.S. 97,

1

Dockets.Justia.com

104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estell, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, simple negligence is not a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a claim for relief. This Court has examined Plaintiff's conclusory Complaint and finds Plaintiff's Complaint is so vague and lacking in fact that, even giving the Plaintiff the benefit of liberal pleadings given to pro se prisoners, this Court cannot find facts supporting deliberate indifference. Plaintiff has not articulated any facts explaining what the medical staff has or has not done for his hernia nor has he articulated any allegations that satisfy the requirements for stating a claim for inadequate medical care under the Eighth Amendment. Therefore, Plaintiff's claim is dismissed for failure to state a claim for relief.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: August 1, 2006

Graham C. Mullen
United States District Judge